## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re | ) |
| | ) Chapter 13 |
| ALFONSO PATION RODRIGUEZ and | ) |
| IRMA R. RODRIGUEZ, | ) Case No. 2-03-bk-12360-EWH |
| | ) |
| Debtors. | ) |
| | ) |
| ALFONSO PATION RODRIGUEZ and | ) |
| IRMA R. RODRIGUEZ, | ) Adversary No. 07-ap-00276-EWH |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) **MEMORANDUM DECISION** |
| | ) |
| STATE OF ARIZONA, on behalf of | ) |
| PEORIA POLICE DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## I. INTRODUCTION

The issue in this case is whether, in 1995, the State of Arizona violated the automatic stay of 11 U.S.C. § 362(a)[1] by obtaining an Order of Forfeiture and Remission ("Forfeiture Order") against the property of the Debtors during the pendency of their bankruptcy case. The parties have cross-moved for summary judgment. The Forfeiture Order was obtained without obtaining relief from the stay and the in rem action did not fall within any exception to the automatic stay of § 362(a), as it existed in 1995. Accordingly, the Debtors are entitled to judgment as a matter of law that the Forfeiture Order was a violation of the automatic stay and, thus, void.

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code under Title 11 of the United States Code.

## II. FACTS

The Debtors filed a Chapter 13 petition on May 15, 1995 ("May 1995 case").

While the bankruptcy was pending, the Maricopa County Attorney, for the State of

Arizona on behalf of the Peoria Police Department ("State"), obtained the Forfeiture

Order against the Debtors' home ("Property"), and various personal property belonging

to the Debtors. In the Matter of: The Real Property Located at 7458 West Brown,

Peoria, Arizona, As More Particularly Described in Appendix One, et al., No. CV 94-

09493, Forfeiture Order entered October 18, 1995. The State had commenced the in

rem action in Maricopa County Superior Court on June 21, 1994, when the Debtors

were not in bankruptcy.[2] The Forfeiture Order states, at ¶ 3: "Pursuant to City of

Tempe v. Dimitriou, 175 Ariz. 237, 854 P.2d 1223 (App. 1993) and A.R.S. [§] 13-

2314(L),[3] the forfeiture of the property in this matter is remedial in nature and not

punitive." The Debtors did not appeal the Forfeiture Order.

The Debtors' May 1995 case was dismissed on November 22, 1995. The

Forfeiture Order was filed with Maricopa County Recorder's Office on December 5,

1995, but no further action was taken by the State and the Debtors remained in

possession of the Property. The Debtors filed their current case on July 15, 2003, and

---

[2] The Debtors' previous Chapter 13 case (94-71-GBN) was dismissed prior to the commencement of the State's action. They also filed for bankruptcy again on October 11, 1994, after the State's action was pending, and that case (94-9075-RGM) was dismissed on May 11, 1995. The only bankruptcy case pertinent here, however, is the May 1995 case, which was pending when the Forfeiture Order was entered.

[3] A.R.S § 13-2314(L) provides, in part: "A civil action authorized by this section . . . is remedial and not punitive and does not limit and is not limited by any other previous or subsequent civil or criminal action under this title or any other provision of law."

·2

their Chapter 13 Plan was confirmed on July 26, 2004. Their case is still pending.[4] The Forfeiture Order was recorded again with the County Recorder's Office on December 26, 2006. The State sent the Debtors an eviction notice on April 5, 2007, directing them to vacate the Property by May 7, 2007. The Debtors filed the instant Adversary Proceeding on May 3, 2007. The Debtors have resided at the Property since the Forfeiture Order was issued in 1995 until the present.

## III. PROCEDURAL HISTORY AND DEVELOPMENT OF ARGUMENTS

The Debtors' Complaint[5] alleges that the State violated the automatic stay of § 362(a) by recording its lien on December 26, 2006, and subsequently issuing the eviction notice, because the underlying 1995 civil judgment had expired under state law and was no longer valid when the State took its action. After answering, the State moved for summary judgment, arguing that because the Debtors lost any and all interest they may have had in the Property when the Forfeiture Order was entered, the Property was not part of the bankruptcy estate. The State also argued that the "Renewal of Judgment" statute does not apply to the criminal case that resulted in forfeiture of the Property.

In response, the Debtors cross-moved for summary judgment, raising a new argument -- that the Forfeiture Order had never been valid, not that it had expired. The Debtors argued that the October 1995 Forfeiture Order violated the automatic stay

---

[4] The Debtors received their discharge on January 8, 2008.

[5] The Complaint is against the State of Arizona, on behalf of the Peoria Police Department. Maricopa County is defending the case, asserting that it is the proper respondent.

3

because they were in bankruptcy at that time, having filed the May 1995 case, which was not dismissed until November 22, 1995. While acknowledging that the underlying action was criminal, the Debtors maintain the forfeiture action was a civil remedy under Arizona law and subject to the automatic stay. The Debtors assert that because the State obtained the Forfeiture Order without obtaining relief from the stay, it violated the automatic stay and was void as a matter of law.

The State countered that the forfeiture action was excepted from the automatic stay because it was an exercise of the government's police or regulatory power. The State contends the forfeiture was a supplemental remedy to the criminal proceedings, which were not subject to the automatic stay, and that the Forfeiture Order fell within the exception for governmental police and regulatory powers. The State relies upon several cases applying the police and regulatory power exception in § 362(b)(4). In their Reply, the Debtors maintain that the in rem forfeiture action was civil in nature and "the only question to be decided by this Court is whether the provisions of 11 U.S.C. § 362(a) were applicable at the time Arizona took the action against the plaintiffs' real property."[6]

## IV. ISSUE

Was the Forfeiture Order, obtained while Debtors' Chapter 13 case was pending, a violation of the automatic stay?

---

[6] Reply to Response to Debtors' Cross Motion for Summary Judgment at p.2, ll. 19-20.

4

## V. JURISDICTION

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334(b). This matter is a core proceeding under 28 U.S.C. §157(b)(2)(G).

## VI. DISCUSSION

Summary judgment should be granted when "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Bankr. P. 7056. Although the parties' characterization of the facts differ, the material facts are not in dispute. Determining whether an action is exempt from the automatic stay is a question of law. Massachusetts v. First Alliance Mortgage Co. (In re First Alliance), 263 B.R. 99, 106 (9th Cir. BAP 2001).

A.    Statutory Framework

The commencement of a case in bankruptcy creates an estate, containing all of the debtor's legal or equitable interests in property. § 541(a). When a debtor files a bankruptcy petition, an automatic stay immediately arises. § 362(a). The scope of the stay is quite broad. Stringer v. Huet (In re Stringer), 847 F.2d 549, 552 (9th Cir. 1988). It preserves the status quo by precluding and nullifying post-petition actions, judicial or nonjudicial, in nonbankruptcy forums against the debtor or affecting property of the estate. Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n, 997 F.2d 581, 585 (9th Cir. 1993) (citation omitted). Actions taken in violation of the automatic stay are void -- not merely voidable. Schwartz v. United States (In re Schwartz), 954 F.2d 569, 571 (9th Cir. 1992).

5

The automatic stay of § 362(a) provides, in relevant part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, . . ., operates as a stay, applicable to all entities, of--

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]

The § 362(a) stay interdicts action by all entities, including governmental entities. See Pearson v. United States (In re Pearson), 917 F.2d 1215, 1216 (9th Cir. 1990).

Certain governmental actions, however, are excepted from the § 362(a) stay under § 362(b). Exceptions to the automatic stay should be narrowly read. Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n, 997 F.2d at 590. The "precise wording of the stay and its exceptions should be emphasized." In re Stringer, 847 F.2d at 552 n.5 (quoting 2 Collier on Bankruptcy ¶ 362.04[1], p. 362-33 (15th ed. 1988)). At issue here is whether the State's action of obtaining the Forfeiture Order was excepted from the automatic stay. If it was not, the Forfeiture Order was in violation of the automatic stay and, thus, void. In re Schwartz, 954 F.2d at 571.

Because the Forfeiture Order was obtained in 1995, the Court must consider what governmental actions were excepted from the stay, before § 362(b) was amended

6

in 1998. See United States v. Klein (In re Chapman), 264 B.R. 565, 570-71 (9th Cir. BAP 2001). In October 1995, the police and regulatory power exceptions to the stay were found in both §§ 362(b)(4) and (5)[7] and provided that the filing of a petition did not operate as a stay:

> (4) under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;
> (5) under subsection (a)(2) of this section, of the enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power[.]

The exception in § 362(b)(5) did not apply to the Forfeiture Order because that section excepted only the "enforcement" of judgments, and only those judgments "obtained before the commencement of the case" that would otherwise be stayed under § 362(a)(2). See Hillis Motors, Inc., 997 F.2d at 591 (section 362(b)(5) is "solely an exception" to a stay imposed under § 362(a)(2)). That leaves the stay exception under § 362(b)(4) to consider.

B.      Was Obtaining the Forfeiture Order an Action to Enforce the State's Police or Regulatory Power Excepted from the Automatic Stay under § 362(b)(4)?

Section 362(b)(4) only excepted actions that would otherwise be stayed under § 362(a)(1), that is, an "action or proceeding **against the debtor** that was or could have been commenced before the commencement of the case under this title, or to recover a claim **against the debtor**. . . ." (emphasis added). See Hillis Motors, Inc., 997 F.2d at 591 ("The precise wording of section 362(b)(4) explicitly creates an exception to the stay

---

[7] In 1998, §§ 362(b)(4) and (5) were combined under § 362(b)(4), and (b)(5) was eliminated.

7

imposed under section 362(a)(1).").· The forfeiture action here, In the Matter of: The Real Property Located at 7458 West Brown, Peoria, Arizona, As More Particularly Described in Appendix One, et al., was an in rem action against the Debtors' property and not the Debtors themselves. Consequently, the forfeiture action did not constitute an action to which the stay of subsection (a)(1) applied and from which § 362(b)(4) created an exception.[8] Instead, the civil forfeiture action fell within the scope of § 362(a)(3), which stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." Section 362(b)(4) did not except governmental action that was stayed under § 362(a)(3). See Hillis Motors, Inc., 997 F2d at 591 ("There is no governmental powers exception to section 362(a)(3).").

The forfeiture action was subject to the automatic stay provision of § 362(a)(3) as an act "to obtain possession" or "to exercise control" of the estate property. Because the State did not obtain relief from the automatic stay,[9] the Forfeiture Order violated the § 362(a) stay and was void. In re Schwartz, 954 F.2d at 571. Accordingly, the State has never had a valid forfeiture.

---

[8] Because the Forfeiture Order did not fall within the subsection to which § 362(b)(4) applies, there is no need to address whether the governmental action fell within the § 362(b)(4) exception under the tests applied in the Ninth Circuit. See In re First Alliance, 263 B.R. at 107.

[9] The State's argument that it had no notice of the bankruptcy is of no consequence to finding a violation. The automatic stay is effective immediately upon the filing of the petition. "Formal service of process is not required, and no particular notice need be given in order to subject a party to the stay." 3 Collier on Bankruptcy ¶ 362.02, p. 362-12.11 (15th ed. rev. 2006). In other words, "a party may violate the stay without realizing that it has taken effect." Id. at ¶ 362.11, p. 362-122.

8 ·

The State cannot overcome this outcome. The State argues that the Forfeiture Order was a result of the criminal proceedings and, therefore, not stayed by § 362.[10] Regardless of the nature of the proceedings leading up to the forfeiture action, the Forfeiture Order, on its face, was civil in nature -- from its caption and civil action number to its terms and remedy.[11] Further, the Order specifically characterized the forfeiture of the Property as "remedial in nature and not punitive," signifying the traditional distinction that "in rem divestiture serves substantially 'civil-remedial' rather than 'criminal-punitive' purposes."[12] Georgia v. Bell (In re Bell), 215 B.R. 266, 269 n.5 (Bankr. N.D. Ga. 1997). In contrast, criminal forfeiture is a proceeding in personam and punitive. See United States v. Lazarenko, 476 F.3d 642, 647 (9th Cir. 2007). Although the State is correct that one of the purposes of forfeiture is to deprive the defendant of means to commit further offenses,[13] that does not convert a civil in rem forfeiture action, remedial in nature, into a criminal proceeding.

---

[10] The State does not cite any section of the Bankruptcy Code for this exception, but presumably the State is referring to § 362(b)(1), which excepts from the stay the commencement or continuation of a criminal action or proceeding against the debtor.

[11] The Court partially granted the State's Motion for Summary Judgment based upon a preponderance of the evidence. Forfeiture Order at p.1.

[12] This distinction is further supported by the Forfeiture Order's citations to City of Tempe v. Dimitriou (In re Ten Thousand and Ninety-Eight Dollars), 175 Ariz. at 238, which begins "this case involves a civil *in rem* action," and to A.R.S. § 13-2314(L), which states that "[a] civil action authorized by this section . . . is remedial and not punitive." Forfeiture Order at ¶ 3.

[13] As support, the State cites In re Ten Thousand and Ninety-Eight Dollars, 175 Ariz. at 240, which is the civil in rem forfeiture action cited in ¶ 3 of the Forfeiture Order for the proposition that the forfeiture was remedial, i.e., civil.

9

The fact that the State's action was against the Debtors' property, rather than the Debtors, also forecloses the State's alternative argument that the forfeiture action was an exercise of the government's police or regulatory power. The State cites three cases applying the police and regulatory power exception in § 362(b)(4).[14] Two of these cases, In re Chapman, 264 B.R. 565, and In re First Alliance, 263 B.R. 99, are inapposite because they dealt with § 362(b)(4), as amended in 1998. It is worth noting, however, that In re Chapman supports this Court's application of § 362(b)(4), pre-amendment, as excepting only actions covered by § 362(a)(1). 264 B.R. at 570-71. The Chapman court held that -- with the addition of § 362(a)(3) to § 362(b)(4) -- an in rem action is now excepted from the stay. Id. at 571.

The third case cited by the State, In re Universal Life Church, Inc., 128 F.3d 1294 (9th Cir. 1997), is also inapposite, but for a different reason. That case dealt with governmental action against the debtor -- not the debtor's property. Id. at 1299 (section 362(b)(4) is "targeted at actions or proceedings against the debtor").

At the hearing on the motions, the State also cited two more cases, James v. Draper (In re James), 940 F.2d 46 (3d Cir. 1991), and Brewer v. United States (In re Brewer), 209 B.R. 575 (Bankr. S.D. Fla. 1996). Neither dictates a different result. In re James held that neither the bankruptcy court nor the district court has the authority to consider the merits of the state forfeiture proceeding when applying § 362(b)(4). 940 F.3d at 53. The opinion noted its disagreement with the decision in In re Ryan, 15 B.R. 514 (Bankr. D. Md.), which held that forfeiture proceedings do not fall within

---

[14] The State's Reply to Response to Motion for Summary Judgment and Response to Cross Motion for Summary Judgment at pp. 3-4.

10

§ 362(b)(4). Id. at 50-51. In declining to follow that decision, the Third Circuit ignored the Ryan court's determination that the exception applied "only to actions against the debtor stayed under section 362(a)(1), and not to actions against the property of the debtor or the estate stayed under other subsections of section 362(a)." Id. at 50. Instead, the Third Circuit focused its criticism on the Ryan court's finding that the legislative history of § 362(b)(4) limited the type of governmental action excepted from the stay to "action against the Debtor necessary to 'prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws.'" Id. at 50 (quoting In re Ryan, 15 B.R. at 519, which, in turn, was quoting H.R. Rep. No. 595, 95th Cong., 1st Sess. 343 (1977)). The analysis here does not turn on § 362(b)(4)'s legislative history; instead, it is based upon the "precise wording" of § 362(b)(4) which, until it was amended, created an exception to the stay limited to actions against the debtor under § 362(a)(1). Hillis Motors. Inc., 997 F.2d at 591.

The other case cited by the State, In re Brewer, is distinguishable because it involved a judgment obtained before bankruptcy. In that case, the United States obtained a final consent judgment of forfeiture against the debtor's property over ninety days before the debtor filed bankruptcy. 209 B.R. at 576. The judgment provided that if the debtor paid the United States $40,000 within forty-five days of the judgment date, the property would not be forfeited. Id. The debtor was granted an extension of another forty-five days by the district court and, on the same day, the debtor filed bankruptcy. The extension expired without the debtor making the payment. In bankruptcy court, the debtor argued, inter alia, that the forfeiture was stayed by § 362(a). Id. Although the opinion discussed § 362(b)(4) in finding that the action was an exercise of police power,

11

the court's holding relied upon § 362(b)(5), excepting the enforcement of a judgment obtained before bankruptcy, in denying the debtor's request for a stay. Id. at 577. Consequently, the case is inapposite.

Before 1998, § 362(b)(4) applied only to actions within the ambit of § 362(a)(1), which were actions against the debtor. There is no other applicable exception for the Forfeiture Order obtained against the Property of the Debtors during the pendency of their bankruptcy case. Because the State did not obtain relief from the automatic stay, the Forfeiture Order violated the § 362(a) stay and was void. In re Schwartz, 954 F.2d at 571. Accordingly, the Debtors' motion for summary judgment is granted.

The Debtors also seek a finding that the violation of the stay was willful under § 362(h) (which is now § 362(k)(1)), and an award of sanctions. There is no evidence that the State willfully violated the stay, so sanctions are not appropriate. A willful violation requires that the party knew of the bankruptcy, and its actions in violation of the stay were intentional. See Abrams v. Southwest Leasing and Rental, Inc. (In re Abrams), 127 B.R. 239, 243 (9th Cir. BAP 1991). Because the State did not have knowledge of the May 1995 case,[15] its actions were not a willful violation. Consequently, the Debtors are not entitled to any other relief.

---

[15] According to the State's Statement of Facts, at ¶ 6, the State was not listed in the Debtors' May 1995 bankruptcy. The Debtors did not dispute this fact and it is thus deemed admitted. Local Rule Civ. 56.1(b).

12

## VI. CONCLUSION

The foregoing constitutes the Court's findings of fact and conclusions of law as required by Fed. R. Bankr. P. 7052. An order consistent with this Memorandum Decision will be entered this date.

Dated this 18th day of January, 2008.

*Eileen W. Hollowell*

EILEEN W. HOLLOWELL
UNITED STATES BANKRUPTCY JUDGE

Copies of the foregoing mailed this
18th day of January, 2008, to:

Michael J. Fatta
Law Office of Michael J. Fatta, PLLC
18001 N. 79th Ave., Suite B-40
Glendale, AZ 85308

Barbara Lee Caldwell
Hebert Schenk PC
4742 North 24th Street, Suite 100
Phoenix, AZ 85016

Russell Brown
3838 North Central Avenue, Suite 800
Phoenix, AZ 85012-1965

U.S. Trustee
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003

By_____
Judicial Assistant

13